UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:05-cr-158-01 (L/F) |
| | ) | |
| DANIEL J. CURL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable William T. Lawrence, Judge, on November 16, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on November 12, 2010, and to submit to Judge Lawrence proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). In the interim, a Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed on December 10, 2010. On December 17, 2010, an order was entered for Kennard P. Foster to consider the original Petition and the Supplemental Petition when a hearing is held.

All proceedings were held July 12, 2011, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure*[1]. Mr. Curl appeared in person and with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender. The

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. Section 3401(e).

government appeared by Jim Warden, Assistant United States Attorney. Chris M. Dougherty, U. S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, Office of Indiana Federal Defender, was appointed to represent Mr. Curl in regard to the pending Petition for Warrant or Summons for Offender Under Supervision, filed November 12 2010, and the Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed December 10, 2010.

2. A copy of both Petitions were provided to Mr. Curl and his counsel who informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Curl was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. Mr. Curl was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Curl was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Curl was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Curl had violated an alleged condition or conditions of his supervised release set forth

in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation entered on November 16, 2010.

7. Mr. Dazey stated that Mr. Curl desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Mr. Curl then waived the preliminary hearing in writing and was held to answer.

8. Mr. Dazey stated that Mr. Curl would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petitions, with the exception of violation numbered 2 set forth in the original Petition, as the fine has been paid. The Court granted the government's request to dismiss violation numbered 2.

9. The parties stated in open Court:

(1) That they were prepared to proceed to disposition of the pending Petitions to revoke Mr. Curl's supervised release in open Court that date.

(2). The violations admitted to are as follows:

**Petition for Warrant or Summons for Offender Under Supervision, filed November 12, 2010:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** <br><br> **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** <br><br> **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

The offender submitted four urine screens which tested positive for cocaine on September 16, 2010; September 17, 2010; November 2, 2010; and November 4, 2010. The offender admitted smoking crack cocaine to produce each of these positive results.

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed December 10, 2010:**

| Violation Number | Nature of Noncompliance |
|---|---|
| **1a** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

**"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

**"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

The offender submitted a fifth urine screen which tested positive for cocaine on November 21, 2010.

**3**      **"The defendant shall not commit another federal, state or local crime."**

On November 24, 2010, Daniel Curl was arrested by officers of the Indianapolis Metropolitan Police Department, and charged with Battery on a Police Officer, D-felony, and Resisting Law Enforcement, D-felony. The offender was pulled over during a traffic stop for failure to signal. The officer discovered the open federal warrant and attempted to arrest the offender. The offender screamed, "I don't want to go back to federal prison!" He then made several attempts to resist being handcuffed by two officers and kicked one of the officers repeatedly in the leg, causing pain and injury. This case was filed in Marion County Superior Court under cause number 49F091011FD088724. The offender appeared for an initial hearing on November 24, 2010, and was given a $5,000 surety bond. A pretrial conference is scheduled for December 7 2010, and a trial is scheduled for February 3, 2011. Mr. Curl entered a plea of guilty to the offense of Resisting Law Enforcement, D-felony and served that sentence before the proceedings before this Court. The second charge was dismissed by the State of Indiana.

| | |
|---|---|
| **4** | **"The defendant shall notify the probation office at least ten days prior to any change in residence or employment."** |

Information gathered by the probation officer indicates the offender moved from his last reported residence, 2830 South Dietz Street, Indianapolis, on or about November 6, 2010, and failed to notify the probation office.

| | |
|---|---|
| **5** | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |

The offender failed to report for scheduled treatment sessions on November 17, 2010, and November 22, 2010.

The Court placed Mr. Curl under oath and directly inquired of Mr. Curl whether he admitted the violations of specifications of his supervised release set forth above. Mr. Curl stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Curl has a relevant criminal history category of VI. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Curl constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Curl is 18 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Curl's supervised release and that he be sentenced to the custody of the Attorney General or his

designee for a period of 15 months. Further, upon release from confinement, Mr. Curl will not be subject to supervised release.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

The Court placed Mr. Curl under oath and he admitted the above violations.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Curl violated the specified condition of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Curl's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 15 months. The service of the sentence shall begin immediately. It is recommended by the Magistrate Judge that Mr. Curl be designated by the Attorney General of the United States and the Bureau of Prisons to the Federal Correctional Institution in Talladega, Alabama. At the conclusion of Mr. Curl's term of confinement, he will not be subject to supervised release.

The Magistrate Judge requests that Chris M. Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Curl stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil*

*Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Curl entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Curl's supervised release and the sentence imposed of imprisonment of 15 months in the custody of the Attorney General or his designee. The Magistrate Judge also recommends that the defendant be designated to the Federal Correctional Institution in Talladega, Alabama. Further, that upon Mr. Curl's release from confinement, he will not be subject to supervised release.

IT IS SO RECOMMENDED this 13th day of July, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Jim Warden,
Assistant U. S. Attorney
10 West Market Street, Suite 2100

Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal